IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Gerald Dworkin, D.O., <br><br> *Plaintiff,* <br><br> v. <br><br> Liberty Mutual Holding Company, Inc., et al, <br><br> *Defendants.* | CIVIL ACTION <br> NO. 24-1590 |

**Pappert, J.**                                                                                 **September 18, 2024**

### MEMORANDUM

Dr. Gerald Dworkin sued Liberty Mutual and various subsidiaries for wrongful use of civil proceedings arising out of a previous lawsuit accusing Dworkin of insurance fraud. Defendants move to dismiss on the grounds that Dworkin's suit is barred by the statute of limitations. The Court grants the motion.

I

Dworkin was sued in 2017 by Liberty Mutual for alleged insurance fraud. (Am. Compl. Ex. C, ¶¶ 4, 6, 79, ECF No. 6.) The Philadelphia County Court of Common Pleas granted summary judgment in Dworkin's favor, and Liberty Mutual appealed to the Pennsylvania Superior Court, which affirmed in a November 29, 2021 unpublished opinion. (Am. Compl. ¶¶ 10, 48; *Id.* Ex. E at 179.) The Superior Court reissued its decision as a published opinion on February 1, 2022. (Am. Compl. Ex. E, at 179–80.) Liberty Mutual never sought rehearing *en banc* nor leave to appeal to the Supreme Court of Pennsylvania. (Am. Compl. Ex. E, at 180.) On March 22, 2022, the Superior Court remanded the record to the Common Pleas Court. (*Id.*) Dworkin filed his initial complaint in this case on March 20, 2024. (Pa. Com. Pl. Docket 1, ECF No. 3.)

1

II

A motion to dismiss under Rule 12(b)(6) tests whether the complaint alleges facts that make out a facially "plausible" claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court may only dismiss a claim under Rule 12(b)(6) based on the statute of limitations when the basis for the limitations defense is evident from the complaint itself or other materials the court may consider, which include exhibits attached to the complaint and matters of public record. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). Both Dworkin and Liberty Mutual agree that Dworkin's Complaint and attached exhibits provide a sufficient basis to answer the statute-of-limitations question. (Defs.' Mot. to Dismiss 3, ECF No. 8; Pl.'s Mot to Dismiss 3, ECF No. 9.)

III

The statute of limitations for a claim of wrongful use of civil proceedings is two years. 42 Pa. Cons. Stat. § 5524; *Hvizdak v. Linn*, 190 A.3d 1213, 1230 (Pa. Super. Ct. 2018). A claim's limitations period generally begins to run as soon as it accrues; that is, "as soon as the right to institute and maintain a suit arises." *Fine v. Checcio*, 870 A.2d 850, 857 (Pa. 2005). And a plaintiff's right to institute and maintain a suit for wrongful use of civil proceedings generally arises when underlying proceedings have "terminated in [his] favor." 42 Pa. Cons. Stat. § 8351(a)(2).

The Pennsylvania Supreme Court has stated that underlying proceedings "terminate" for the purposes of a wrongful-use claim when the defendant in the underlying proceedings "successfully defeats the [plaintiff's] attempts to have [him] held legally liable." *Ludmer v. Nernberg*, 553 A.2d 924, 926 (Pa. 1989). The defendant

2

"successfully defeats" the plaintiff when judgment for the defendant becomes final, which generally happens when the judgment "has been upheld by the highest appellate court having jurisdiction over the case or [the judgment] has not been appealed." *D'Elia v. Folino*, 933 A.2d 117, 122 (Pa. Super. Ct. 2007) (citing *Ludmer*, 553 A.2d, at 926).

Dworkin, relying on *Buchleitner v. Perer*, 794 A.2d 366 (Pa. Super. Ct. 2002), contends his claim accrued when the Superior Court remanded the record to the trial court on March 22, 2022. That is incorrect, and *Buchleitner* doesn't help him. That case says nothing about the effect that actions occurring *after* a judgment becomes final might have on the limitations period for wrongful use of civil proceedings. The *Buchleitner* court held that a federal district court's grant of summary judgment in the underlying case to one of many defendants without an express determination of finality did not trigger the limitations period for that defendant's later claim for wrongful use of civil proceedings. *Id.* at 376–77 (citing Fed. R. Civ. P. 54). The court explained that the grant of summary judgment was by law "subject to revision" during the pendency of the claims against co-defendants and was therefore not a final judgment until, at the earliest, the date on which the plaintiff in the underlying proceedings agreed to settle and release all defendants. *Id.*

One Pennsylvania court, however, *has* addressed the effect of an action occurring after a judgment becomes final, holding that the "ministerial act" of taxing costs has no bearing on the accrual date for a wrongful use of civil proceedings claim because taxation of costs is irrelevant to the finality of the underlying judgment. *Eisenberg, v. Gardner, Carton & Douglas*, No. 3825, 2002 WL 34097306, at *3–5 (Pa. Com. Pl. June

28, 2002), *aff'd* 819 A.2d 120 (Pa. Super. Ct. 2003). Remanding the record is a ministerial task which cannot happen until after the Superior Court's ruling becomes final. *See* Pa. R.A.P. 2572(a)(2) (court cannot remand the record until thirty days have elapsed from entry of judgment and any post-decision applications have been disposed of); *see also Commonwealth v. Harris*, 230 A.3d 1124, 1127 (Pa. Super. Ct. 2020) (explaining that this rule eliminates the risk that the trial court will "follow[] an appellate decision that may not ultimately be the final law of the case").

Dworkin's claim accrued at the expiration of Liberty Mutual's time to appeal the Superior Court's ruling because that is the point at which he "successfully defeat[ed] [Liberty Mutual's] attempts to have [him] held legally liable." *Ludmer*, 553 A.2d, at 926.[1] Dworkin may not amend his Complaint because it would be futile for him to do so.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.

---

[1] Liberty Mutual correctly points out that regardless of whether its time to appeal expired thirty days after the original unpublished decision on November 29, 2021 or the reissued, published decision on February 1, 2022, Dworkin's suit would be untimely because the time to appeal would have either expired on December 30, 2021, or March 4, 2022, *see* Pa. R.A.P. 1113, both of which are more than two years before Dworkin's March 20, 2024 filing date.